United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:15-555** |
| | § | **CIVIL NO. 2:16-142** |
| **JOSE ISAAC VELASQUEZ-** | § | |
| **ARGUETA,** | § | |
| **Defendant/Movant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Jose Isaac Velasquez-Argueta's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 33), to which the United States has responded (D.E. 39) and Movant has replied (D.E. 42).

Movant's § 2255 motion includes a claim that counsel was ineffective for failing to file a notice of appeal on his behalf. As to this claim, the law is clear: "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Moreover, a pro se movant need not state the grounds on which he would have appealed, had the opportunity not been denied. *Rodriguez v. United States*, 395 U.S. 327, 330 (1969).

Movant seeks a *Tapp* hearing to determine what communications took place between him and his trial counsel regarding his appeal. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights). However, the Court finds a hearing is unnecessary because trial counsel has informed the Court: "After sentencing, Mr. Velasquez-Argueta expressed a desire to file an appeal of his sentence of confinement. Counsel failed to file a notice of appeal; Mr. Velasquez- Argueta is entitled to relief." D.E. 30, p. 1.

The Court finds that trial counsel was ineffective in failing to file a notice of appeal on Movant's behalf. The remedy for counsel's ineffective assistance in this context is an out-of-time appeal, which is accomplished by the denial of Movant's § 2255 motion without prejudice and the Clerk's re-entry of the criminal judgment, which begins the appellate timetable anew. *See United States v. West*, 240 F.3d 456, 460–61 (5th Cir. 2001); *United States v. Joubert*, 273 F.3d 1099, 1099 (5th Cir. 2001). Movant's notice of appeal from his criminal conviction and sentence must be filed no later than 14 days from the re-entry of the judgment on the docket. *See* FED. R. APP. P. 4(b)(1).

It is unnecessary to address Movant's remaining claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), until after the resolution of his direct appeal. *See Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *see also Jones v. United*

*States*, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending,

movant is not entitled to consideration on the merits of his § 2255 motion).

## CONCLUSION

For the reasons stated herein, Movant's § 2255 motion (D.E. 33) is **DENIED**

**WITHOUT PREJUDICE.**

The Clerk is instructed to re-enter the Judgment of conviction.

**ORDERED** _____10/3/16_____ .

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE